■ In the Matter of the Claim of TOMMIE TOLIVER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 16, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because he voluntarily left his employment without good cause. Claimant worked as an office manager for a resort hotel from January, 1974 through August 25, 1974. From January through May he worked five days a week and went to college on Tuesdays and Thursdays. After May he was required to work six days a week. Claimant requested Tuesdays and Thursdays off after August 26, 1974 so that he could resume his college studies. He was told that he would have to continue working on a six-day week basis. He thereafter left the job on August 26, 1974. The board found that claimant voluntarily left his employment after the employer refused to change claimant's scheduled employment to avoid a conflict with his schooling, that this was a personal and noncompelling reason for leaving and he was, consequently, disqualified from receiving benefits. The board's findings are supported by substantial evidence and must be sustained. *(Matter of Schifferle [Catherwood],* 33 AD2d 847.) Decision affirmed, without costs. Greenblott, J. P., Sweeney, Main, Larkin and Reynolds, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent. v CHARLES MARKS, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered March 17, 1975, convicting defendant of the crime of absconding from temporary release in the first degree, and sentencing him as a second felony offender. Defendant raises a number of issues on this appeal. First, he contends that he never entered a plea of guilty and refers to proceedings in the county court of January 8, 1975, in which a not guilty plea was entered. The record, however, contains a transcript of further proceedings that same day in which defendant, after having been advised of all his rights and indicating he understood them, did, in the presence of counsel, withdraw his former plea and enter a plea of guilty. Defendant's second contention is that there was never a proper determination of whether he was a predicate felony offender. The People filed an information charging that defendant had been previously convicted of the felony of attempted burglary in the third degree. A question was raised as to whether defendant had in fact been convicted as a felon, or whether he had been granted youthful offender treatment, and a series of adjournments was had in an effort to obtain documentary proof. However, in an appearance before the court on February 18, 1975, after consulting with counsel and being advised of his right to a hearing, defendant admitted the allegations in the predicate felony information. Defendant's other contentions have been examined and found to be inappropriately brought before this court in view of defendant's failure to seek relief from the sentencing court. Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Larkin and Reynolds, JJ., concur.